their judgments. The case was heard on pleadings and proofs, and the bill was properly dismissed for want of equity. Opinion PER CURIAM. Judge below, GEORGE GARDNER. Attorneys, for appellant, Mr. E. S. WALKER; for appellee, Mr. P. McHUGH. Opinion filed Jan. 27, 1886. ·

No. 139—2253. Ira Brown v. Charles C. Young. This was an action to recover back money paid upon a contract for the purchase of real estate, upon the ground that appellant made false and fraudulent representations to appellee, who was the purchaser, that he owned the property and his title was straight as a string, and would furnish an abstract showing it. After appellant had received $30 of appellee, he let appellee have the abstract, which showed that appellant had no legal title to the property which he had agreed to sell. That appellant knew he had no such title, at the time of the representation, is clear beyond doubt. Upon these facts appellee was entitled to rescind the contract and recover back what he had paid. Opinion PER CURIAM. Judge below, JOHN G. ROGERS. Attorneys, for appellant, Mr. C. STUART BEATTIE; for appellee, Mr. FRED. H. ATWOOD. Opinion filed · Feb. 17, 1886.

No. 133—2247. Edward W. Walker v. George W. Brown. The evidence was sufficient to support the finding of the court below. Opinion PER CURIAM. Judge below, KIRK HAWES. Attorneys, for appellant, Messrs. WILSON & ZOOK; for appellee, Mr. JOSEPH N. BARKER and Mr. F. C. HALE. Opinion filed Feb. 17, 1886.

No. 144—2258. The Curran Mutual Aid and Building Association v. Christopher Murphy. This was an action of assumpsit by appellee against appellant to recover by the former, as a stockholder in the appellant corporation, what had been paid in upon thirty shares of stock, upon a withdrawal from the association upon notice given in pursuance of its by-laws. The case was, upon agreement of the parties, tried by the court without a jury, resulting in a finding and judgment for plaintiff in the sum of $535.20, and defendant prosecutes this appeal. The evidence tended to prove all the necessary elements of the cause of action, and perceiving no substantial error, the judgment is affirmed. Opinion PER CURIAM. Judge below, RICHARD PRENDERGAST. Attorneys,